My name is Atmore Baggett, representing the appellant. Your Honor, 40 years ago, the Supreme Court decided the case of Santabello v. New York, which held that the government, when it makes a promise, is held to that promise and must keep that promise. In this case, there were two prosecutors on the morning of trial when we entered into an agreement and the government issued a promise. The promise was as follows. We will not take a position or we will not oppose a two-level adjustment for responsibility. However, it was the morning of trial. They had assembled their witnesses and their case. And so they added, because of the work we've done preparing for the trial, we would oppose a three-level adjustment. The problem we have here is when it came down to the time of the sentencing, the government did take a position regarding responsibility. The formalisms were correct. They did not file formal objections to the pre-sentence report recommending two levels of responsibility. However, responsibility has two components. But the district court followed the two-level recommendation, didn't it? Formally, yes, but then wiped it out by his departure. That was the problem. He accepted the government's argument that the fellow really hadn't accepted responsibility because, number one, Ms. McDonald argued over and over again that he put us to a lot of work, we had to do all this preparation, we're ready for trial today. So he didn't really cooperate. And, number two, responsibility means that you're sorry, you're remorseful, you won't do it again. And the government's argument was just to the contrary. My point here is not the formalities. The formalities were in order. The problem is the argument. And I cite you three cases in which this exact type of situation occurred. Johnson, the government made a promise to recommend the low end, but then introduced previous criminal convictions. That was reversed. Mondrag in the year 2000, they promised no recommendation and didn't make a recommendation. But in their argument, they argued about his prior offenses. Camarillo Tello, again, made a promise not to oppose a downward departure and did not. However, in their argument, they presented derogatory information and that caused the reversal. That is our situation here. It is not the formalities that is the problem. It is the argument presented. It is actually, in fact, opposing responsibility, saying this guy waited until the last minute, didn't tell us that he wasn't going to go to trial. We had to do all this work, all this preparation. And, number two, that he's been deported five times. He's got prior history. He was on, you know, derogatory information over and over again. And the judge certainly accepted that. Now, what is this Court's standard of review? There's a Supreme Court case, Puckett v. United States, which answers that question. It's plain error. Number one, we submit the law is well established. Santabella was 40 years ago. The error is plain. There's case law in this circuit that the argument must support the formalities of a government promise. Did it affect substantial rights? Well, it certainly did. It caused the district judge to not only go up from Category 5 to Category 6, but also to go up five levels within Category 6, a major departure, more than doubling the sentence, maximum possible sentence. And is it serious? Does it affect the fairness, integrity, or public reputation of judicial proceedings? Well, Puckett, as well as Santabella and every other case, indicates when the government does not keep its promise, it is a serious matter, and it does affect the public reputation of judicial proceedings. For those reasons, we submit the case must be remanded for resentencing with the instruction that the government must keep its promise. We also would point out that this is a very low-level promise that the government gave us. As I remember, the guy was kind of wishy-washy about going to trial. He wasn't sure. So I went over and I said, what can you do to convince this guy to save you the next day and a half of trial, even though you'll convict him anyway? And this is what the government came up with. It will just say nothing. Counsel, where – can you tell me the page in the line where the government made a mistake? The government made a mistake. Is it page 28 of the record? Is that the one you're referring to? The government's promise, we will not take a position, appears at transcript page 11, my excerpt number page 14. Incidentally, the judge interpreted that as a recommendation rather than just a keep-silent type of promise. And then the sentencing was on excerpt 29, where the government says the government would take the position that this defendant has probably not learned that he cannot come back. In other words, he didn't learn his lesson. No, that doesn't have anything to do with acceptance of responsibility for not putting the government to trial. Well, responsibility has two components. When you tell the government you're not going to trial, and number two, are you remorseful? Well, yeah. I mean, that's simply an acknowledgment that the defendant is guilty. But that was already moved at that point. He was pleading. Yeah, he pled. So I don't see that that's any kind of a breach of the two-level acceptance of responsibility. Well, but where the government argues that he put us to all this work with a lot of effort. That's the previous page, page 28. Yes, to the three-level. Yes. But there was never an agreement to the three-level. No. And the other issue I have is that what the government said was no different than what you had said. I'm looking at page 27 of the sentencing transcript where you have said, again, he waited until a day or two before trial before pleading guilty, at which time the government did not offer him the usual benefits, which, again, is his own fault certainly, but the court should take into account some other mitigating factors. And the government responds, Mr. Baggett is correct. You know, the defendant ran us right up to the eve of trial. So I don't think that what you were saying was any different than what the government was saying on the point of when the plea occurred. But I didn't make a promise not to take a position. And I had to discuss that because it's obviously in the pre-sentence report. Well, but the – Try to draw the scheme. It's the two-level acceptance of responsibility, which the United States says, right, that the pre-sentence report is the appropriate calculation, which includes the two levels for acceptance of responsibility. That's the formality of it, yes. So my second point is that it is not clear from this record whether the judge departed upward under guidelines or whether he varied under the statutory factors. We submit it as a departure, which is quite different from a variance because it requires notice to the party so they have an opportunity to address that point. The word departure is mentioned by the sentencing judge twice. The word variance, not at all. He does refer to a specific guideline, 7B1.4. And when the government asks him, you know, are you departing on the main case or are you departing on the supervised release, the judge responds, under the guideline. We submit that is sufficient to classify it as a departure under guidelines rather than the other. Is this also a plain error review? No, I objected. I objected to the departure. I said there's no such thing as a departure. I think I was wrong. I really hadn't researched it at that point, but there was an objection raised. And I'd like to retain about two minutes and 21 seconds. You certainly may. Thank you. You're welcome to begin, but I just you're pointing, I think, to transcript 33, Mr. Baggett. Is that where you were referring to? I'm referring to your objection. I just want to be sure that we're on literally the same page. I'm sorry, Mr. Howe. You can stay there. That's excerpt page 33. Okay. Thank you, Mr. Howe. My apologies. May it please the Client, Reb Howe, representing the United States in this matter. On the first issue, Judge Graber, you're absolutely correct. All that the prosecutor was doing was referring to the statement made by the prosecutor to Mr. Baggett about the defendant. The prosecutor begins, Mr. Baggett is correct, Your Honor. And so that was all that the prosecutor was doing. The prosecutor was not using the eve of trial acceptance against the defendant. And there's no indication in the sentencing transcript that the court did use that particular fact in the sentencing calculus. The prosecutor agreed at the plea hearing to not oppose a two-level reduction, and that's exactly what happened. Counsel, I'm actually somewhat concerned about the other issue that's been raised, in that what the district court said, to my mind, doesn't make a whole lot of sense, because it was referring to a guideline section that pertains to revocations of supervised release, which this wasn't. And it's just incoherent internally. Does that make a difference? Is that an error that requires resentencing? No, it isn't, Your Honor. The district court judge's statements are, as we stated in the brief, unartful. And he does use the words upward departure in the sentencing. But we have to remember that he's sentencing the defendant on the reentry charge and on the supervised release charge. And he gave a unitary explanation, which would lend itself to some confusion. But it's clear from the record, particularly when the prosecutor asked for clarification, that the judge was relying on the 3553 factors, which is the hallmark of variance. I'm relatively new to the federal system. But my understanding of upward departures is that there is a perversion in the guidelines that allows a judge to raise the guideline level due an upward departure, and then he can determine the sentence based on the new guidelines arranged after the upward departure. And the hallmarks of an upward departure sentence are not here. What is very clear from the transcript is that the judge is relying on the nature and the circumstances of the crime and the defendant in determining the appropriate sentence. It is not that the guidelines are driving the sentence, but the judge's determination of the nature and the circumstances of the defendant and the crime, that's what is driving the sentence. The judge looked at those factors and determined that 43 months was the appropriate sentence. If this were an upward departure sentence, the judge would have been focused on the guidelines and the guidelines arranged. And then once he had established the guidelines arranged, then he would pick a sentence within the newly determined guidelines arranged. But that isn't what he did here. So although the judge was rather inartful, and we all would prefer a perfect sentencing with very clear statements, it's clear that the judge was basing his sentence on 35, 563 factors. And because of that, if this court were to remand it for resentencing, the judge certainly could. And the government would certainly want to impose the same sentence because he's looking at his view of the defendant and his history and the crime that he committed. There was no irreversible error here, and this court should affirm the conviction and sentence. If there are no further questions. I don't believe so. Thank you, counsel. And, Mr. Baggett, you've saved 2 minutes and 20 seconds. 20 seconds now. Your Honor, I'd just like to point out that I submitted a 20HA letter, United States v. Brown and the Third Circuit, which addressed this specific situation. I sent it in because it seems to hit it right on the head that the district court and the Third Circuit discussed both the guideline application note and the statutory factors, and the court did not have a sufficient record to discern which of those departure versus variance that it might be. We submit that that is an insufficient record to enable this court to review the matter adequately. And for that reason alone, the record being ambiguous and internally consistent, as you describe it, that alone is a factor to send it back for resentencing with instructions to separate and for the judge to establish a clean record of whether he's departing under guidelines or varying under the statute. Thank you, counsel. The case just argued is submitted, and we appreciate very much the arguments of both counsel.
judges: Tashima, Graber, Bybee